Argued and submitted August 25, reversed and remanded for reconsideration
October 25, 1989

# BYRON STEPHEN PATIN,
*Petitioner,*

*v.*

# STATE BOARD OF PAROLE,
*Respondent.*

## (CA A51187)

780 P2d 809

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Petitioner appeals a Board of Parole order that states, in part:

"DISCHARGE OF PAROLE PRIOR TO SENTENCE EXPIRATION DATE IS CONTINGENT UPON APPROVAL BY THE BOARD OF PAROLE, FOLLOWING A FAVORABLE RECOMMENDATION FROM THE PAROLE OFFICER AND PAYMENT IN FULL OF ANY RESTITUTION OWING."

He contends that the Board could not impose restitution, because the sentencing court only recommended that restitution in the sum of $11,459.90 be made a condition of parole.

In this court, the Board concedes[1] that the sentencing court's recommendation was not a valid restitution order and that, therefore, the Board lacked authority to order restitution. *See State v. Wilcher,* 96 Or App 603, 773 P2d 803 (1989). The Board may not order restitution in the absence of the sentencing court's having entered an order requiring restitution. That order is lacking here.

Reversed and remanded for reconsideration.

---

[1] There is no explanation as to why the Board, having recognized its error, did not amend its order without the necessity for this court's involvement.