Argued and submitted December 23, 2002, reversed in part; otherwise affirmed
February 5, 2003

## RICHARD JAMES THOMAS,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

A113089

63 P3d 29

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the briefs was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy

Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner seeks judicial review of a July 2000 order of the Board of Parole and Post-Prison Supervision (board) setting a new release date and imposing as a condition of parole that petitioner pay restitution imposed as the result of a conviction arising out of a separate case. We reverse the board's order of restitution and otherwise affirm.

In 1987, petitioner was convicted of burglary in the first degree and conspiracy to commit robbery in the first degree for crimes that occurred in 1985 and 1986. The court imposed restitution as part of the sentence in the burglary case. However, no restitution was ordered as part of the sentence on the conspiracy conviction. In 1998, after a previous release on parole and subsequent reincarceration, petitioner was re-released on parole. His tentative discharge date was set for August 1999. Petitioner was not discharged on the tentative date, nor did the board hold a hearing to extend his parole. In January 2000, the board revoked petitioner's parole. Petitioner did not seek administrative or judicial review of the revocation order.

In July 2000, the board held a future disposition hearing and set a new release date. At that hearing, petitioner informed the board that he would refuse parole for the burglary conviction when the date for release on parole arrived, electing instead to serve the entire sentence in prison on that conviction.[1] In its order following the hearing, the board set petitioner's release date for the burglary conviction based on his refusal of parole. However, it also made restitution a condition of parole for the conspiracy sentence. That order was upheld on administrative review, and petitioner seeks judicial review.

█ Petitioner argues that because the board failed to extend his discharge date, he was entitled to discharge in 1999, after one year of parole. Petitioner failed to seek administrative or judicial review of the board's revocation of his

---

[1] Under *Bollinger v. Board of Parole*, 329 Or 505, 992 P2d 445 (1999), petitioner was entitled to refuse parole because his crime was committed before the enactment of ORS 144.245(3), which provides, "In no case does a prisoner have a right to refuse an order granting the prisoner release upon parole."

parole in January 2000. He should have raised the argument that he was entitled to discharge after one year of parole at that time. Therefore, we consider his argument only to address whether the board had continuing jurisdiction over him after his tentative discharge date in August 1999. *Haskins v. Palmateer*, 186 Or App 159, 63 P3d 31 (2003). We conclude, as we did in *Haskins*, that neither *former* ORS 144.310 (1981) nor the board's rules in effect at the time of petitioner's crimes deprived the board of jurisdiction over petitioner due to its alleged failure to follow its own rules.[2] In addition, as was the case in *Haskins*, the rules did not provide for discharge by inaction or by operation of law. Accordingly, petitioner was not entitled to discharge in August 1999.

■ Petitioner also challenges the board's imposition of restitution as a condition of parole regarding his conspiracy sentence. The board cited ORS 144.102, first enacted in 1989, *see* Or Laws 1989, ch 790, § 32a, as giving it the authority to make such an order. On review, the board concedes that that statute does not apply to petitioner, who committed the crime at issue in 1986. However, the board argues that under ORS 144.270(3) (1985), it had the authority to impose restitution.

*Former* ORS 144.270(3) (1985) provided,

"The board may establish such special conditions as it shall determine are necessary because of the individual circumstances of the parolee."

Under ORS 144.275 (1985),

"Whenever the State Board of Parole orders the release on parole of an inmate who has been sentenced to make restitution pursuant to ORS 137.106, but with respect to

---

[2] Because petitioner committed his crimes in 1985 and 1986, the board's 1985 rules are applicable to this case. While the provisions of those rules are not identical to the provisions of the 1982 rules considered in *Haskins*, they contain nothing that changes the analysis. Under the rules applicable to this case, the board was to establish a conditional discharge date and period of parole. OAR 255-90-002 (1985). For discharge to be effective, the parolee was required to "display acceptable parole performance[.]" OAR 255-90-003 (1985). Discharge from parole before the expiration of a paroled prisoner's court-imposed sentence did not become effective until the person received a certificate of discharge. OAR 255-90-005 (1985). OAR 255-90-010 (1985) provided a procedure by which the supervising parole officer was to make recommendations concerning whether a paroled prisoner should be discharged. Further, the rule provided for written reasons and board review to be provided if parole was extended.

whom payment of all or a portion of the restitution was suspended until the release of the inmate from imprisonment, the board shall establish a schedule by which payment of the restitution may be resumed. In fixing the schedule and supervising the paroled inmate's performance thereunder the board shall consider factors specified in ORS 137.106(2). The board shall provide to the sentencing court a copy of the schedule and any modifications thereof."

The board argues that the above provisions "authorized the board to require a parolee to pay any court-ordered restitution that he owed, if the board, in its discretion, determined that such a condition was necessary under the parolee's individual circumstances." We do not agree with the board that those provisions authorized the board to impose restitution in a case where the trial court did not order it. By its terms, ORS 144.275 (1985) required a sentence that ordered restitution as a predicate to the exercise of authority by the board. It then granted the board authority over the *scheduling* of restitution payments in a case where the court had ordered restitution. *See Patin v. State Board of Parole*, 99 Or App 207, 208, 780 P2d 809 (1989) (holding that the board was not authorized to order restitution where the trial court did not *order* restitution). We hold that, under the statutes that existed at the time of the commission of petitioner's crimes without an initial sentencing order to pay restitution, the board was without authority to order petitioner to pay restitution as a condition of his parole.

Order of restitution reversed; otherwise affirmed.