Argued and submitted February 26, petition for judicial review dismissed as moot May 7, 2014

TEDDY GERALD DUNMIRE,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A151358

325 P3d 832

David Sherbo-Huggins, Deputy Public Defender, argued the cause for petitioner. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Haselton, Chief Judge.

HASELTON, C. J.

**HASELTON, C. J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (the board), contending that, following the revocation of his parole, the board lacked authority under the applicable statutes and rules to incarcerate him for 30 months and that, although we have case law to the contrary, *see, e.g., State ex rel Gonzalez v. Washington*, 182 Or App 112, 47 P3d 537 (2002), "all of the premises upon which it stands are demonstrably inaccurate." We need not resolve the merits of petitioner's contention because, as we will explain, this judicial review proceeding is moot.

The pertinent facts are procedural and undisputed. On March 25, 1986, petitioner committed the crimes of attempted first-degree kidnapping and attempted first-degree rape. In January 1987, the trial court sentenced petitioner to a term of imprisonment that was not to exceed 30 years. Petitioner was released on parole in July 1998, but it was revoked in September 1999. Petitioner was again released on parole in September 2009, and the board again revoked it in August 2010. The board imposed a 30-month term of incarceration and reset petitioner's parole release date. After the board issued its order on administrative review embodying those rulings in early 2012, petitioner timely sought judicial review, challenging the 30-month term of incarceration imposed by the board. Thereafter, in November 2012, petitioner was again released on parole.

The parties completed their briefing and oral argument was scheduled for February 26, 2014.[1] The day before oral argument, at a hearing before the board, petitioner's parole officer recommended that, as a result of petitioner's violations, the board extend petitioner's parole to the expiration of his indeterminate sentence—that is, October 2, 2016.

---

[1] We note that, after petitioner filed his opening brief, the board filed a notice of probable mootness, contending that the judicial review was moot because of petitioner's recent release. The Appellate Commissioner issued an order in which he declined to dismiss the judicial review as moot. Although the issue was resolved against the board, it raised the issue again in its answering brief on appeal. *See* ORAP 7.15(3) (providing that, "[i]f any motion other than a challenge to the court's jurisdiction is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion").

Thereafter, on March 11, 2014, the board issued an order extending petitioner's parole as recommended.

Petitioner contends that this judicial review is not moot because collateral consequences flow from the board's unlawful decision to impose 30 months' incarceration following his 2010 revocation. The gravamen of those contentions is necessarily based on the premises that, if the board had correctly applied the governing statutes and rules, petitioner would have been released on parole 14 months earlier and, thus, would have been discharged from parole a year later or, alternatively, his parole status would have changed from active to inactive at that time. As we explain, the premises underlying petitioner's contentions are unavailing under existing case law.

"[T]he parole system allows the [b]oard to release an inmate who has not finished serving his or her indeterminate prison sentence, and that person may be kept on parole *until the sentence expires.*" *Barnes v. Thompson,* 159 Or App 383, 385, 977 P2d 431, *rev den,* 329 Or 447 (1999) (emphasis added). A petitioner's discharge from parole requires "some action on the part of the board" and does not occur "by operation of law" because the board fails to act by the tentative parole discharge date. *Haskins v. Palmateer,* 186 Or App 159, 168, 63 P3d 31, *rev den,* 335 Or 510 (2003); *see also Thomas v. Board of Parole,* 186 Or App 170, 173, 63 P3d 29, *rev den,* 335 Or 510 (2003) (applying statute and rules in effect at the time of the petitioner's crimes in 1985 and 1986; holding that, "as was the case in *Haskins,* the rules did not provide for discharge by inaction or by operation of law"). Further, "an earlier commencement of active parole supervision does not ensure an earlier discharge from parole." *Green v. Baldwin,* 204 Or App 351, 354-55, 129 P3d 734 (2006); *see also Odle v. Thompson,* 174 Or App 506, 26 P3d 177 (2001) (rejecting argument that appeal was not moot because the board's delay in releasing the petitioner effectively delayed his transfer from active to inactive parole).

Although petitioner contends that aspects of that existing case law are clearly wrong, we decline the invitation to revisit them. Accordingly, we conclude that, because petitioner's demonstration of collateral consequences is

predicated on premises that are legally incorrect, petitioner's judicial review challenging the board's imposition of 30 months' incarceration following his 2010 revocation is moot in light of his release in November 2012.

Petition for judicial review dismissed as moot.