Submitted May 5, affirmed July 6, 2017

Robert WOODROFFE,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON;
Mr. Franke, Superintendent; Ms. Taylor;
Lt. McMillian; Sgt. Hodge; Clackamas Parole and Probation;
Mark Rasmussen; Jeremy Gunter; Marcus Moore;
R. Emerick, True Name Rick Emerick; C/O Ransier,
All State employees are sued in their individual
and official capacities, et al.,
*Defendants-Respondents.*

Umatilla County Circuit Court
CV140914; A159921

401 P3d 285

Robert Woodroffe filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Robert M. Wilsey, Assistant Attorney
General, filed the brief for respondents.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.

### DUNCAN, J. pro tempore

Plaintiff, an inmate of the Oregon Department of Corrections, appeals a judgment that dismissed his case after he failed to pay a filing fee. He advances multiple assignments of error, arguing that the court erred by dismissing his amended and second amended complaints, by granting a motion to change venue to Umatilla County, and by granting a motion to revoke the waiver of plaintiff's filing fees. Defendants concede that the court erred with regard to the revocation of the waiver of plaintiff's filing fees. We write only to explain why we do not accept that concession of error, and we otherwise affirm without discussion.

Under ORS 30.643, a court can waive or defer the fees and court costs of an inmate who seeks to file an action against a public body. However, under ORS 30.645(1), a court cannot waive or defer an inmate's fees or court costs pursuant to ORS 30.643 "if the inmate has, on *three or more prior occasions* while incarcerated or detained in any correctional facility, filed an action against a public body in a court of this state that *was dismissed* on the grounds that the action" was "frivolous or malicious," "[f]ailed to state a claim upon which relief could be granted," or "[s]ought monetary relief from a defendant who is immune from a claim for monetary relief." (Emphases added.) In this case, the trial court initially waived plaintiff's filing fees but then vacated that order after determining that plaintiff had previously commenced more than three prior actions in Oregon courts against public bodies, each of which had been dismissed for the reasons enumerated in ORS 30.645(1). The court gave plaintiff an opportunity to pay the filing fee for the action and then dismissed the action when plaintiff did not pay it.

On appeal, defendants concede that the trial court erred in vacating its order on the fee waiver, though not for any of the reasons that plaintiff advances in his opening brief with regard to that ruling.[1] According to defendants,

---

[1] We understand plaintiff to argue that the trial court erred in vacating the order granting his fee waiver because (1) the revocation was untimely, in that the court had no authority to revisit the initial waiver so much later in the proceedings; (2) plaintiff had fewer than three "strikes" because dismissals without prejudice do not count against him under ORS 30.645; (3) the court "made its own

it was error for the court to revoke the fee waiver because, although those other actions had been dismissed for the reasons stated in ORS 30.645(1), appeals were pending in three of the four prior cases at the time that the trial court revoked plaintiff's fee waiver. Defendants submit that a dismissal does not count as one of the three "strikes" against a plaintiff under ORS 30.645(1) unless an appeal is waived or exhausted. In defendants' view, such a construction of the statute

> "is consistent with the federal PLRA [Prison Litigation Reform Act], on which ORS 30.645(1) was based. *See Silva v. DiVittorio*, 658 F3d 1090, 1098-99 (9th Cir 2011) (dismissal will count as a 'strike' once appeal is waived or exhausted). Accordingly, because the dismissals the trial court counted as strikes were not yet final on appeal, the trial court erred by relying on those dismissals to revoke plaintiff's fee waiver. Therefore, this court should reverse the trial court's judgment revoking plaintiff's fee waiver and remand this case to the circuit court for further proceedings."

We decline to accept defendants' concession of error. The case on which defendants rely, *Silva*, was overruled by the United States Supreme Court's later decision in *Coleman v. Tollefson*, ___ US ___, ___, 135 S Ct 1759, 1761, 191 L Ed 2d 803 (2015). In *Coleman*, the Court addressed a circuit split over the following statutory construction question regarding the federal "three strikes" statute, 28 USC section 1915(g): "Where an appeals court has not yet decided whether a prior dismissal is legally proper, should courts count, or should they ignore, that dismissal when calculating how many qualifying dismissals the litigant has suffered?" *Id.* at ___, 135 S Ct at 1761. The Court resolved that split adversely to the Ninth Circuit's reasoning in *Silva*, instead holding that "courts must count the dismissal even though it remains

---

argument to support [defendants'] case for them"; and (4) the ruling denied him due process of law. We reject each of those arguments without discussion. We note that, apart from his argument that dismissals without prejudice do not count against him, which we find unpersuasive, plaintiff has not sufficiently developed any argument on appeal as to why there are fewer than three qualifying "strikes" against him; and, as we later explain with regard to defendants' concession, it is not our role to undertake our own independent investigation of the number of qualifying dismissals in this case.

pending on appeal." *Id.* The Court explained that its construction of section 1915(g) was dictated by text in that statute—"was dismissed" and "prior occasions"—as well as the broader context and purpose of section 1915(g). *Id.* at ___, 135 S Ct at 1763-65.

In light of *Coleman*, it is not clear to us that the premise of defendants' concession—namely, that their proposed construction of ORS 30.645(1) is consistent with the federal statute on which it is based—is a sound one. But, more important, defendants' concession involves an issue of Oregon statutory construction that was not raised by plaintiff's briefing and that is not adequately developed by defendants. That is, the parties have not endeavored to analyze the text, context, or legislative history of ORS 30.645(1) with respect to whether a dismissal that is pending on appeal nevertheless counts against a plaintiff, and we decline to undertake that endeavor on our own. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, 1196, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (explaining that it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself"); *see also State v. Shepherd*, 236 Or App 157, 163, 236 P3d 738 (2010) (explaining that our obligation to construe statutes correctly, regardless of the parties' arguments, only comes into play if the "argument that would have put the meaning of the statute at issue" is properly before us).[2] Thus, under the circumstances, we decline to accept defendants' concession. And, as stated at the outset, we reject plaintiff's remaining arguments without discussion.

Affirmed.

---

[2] We acknowledge that defendants' concession was based on an earlier order in this case in which the Appellate Commissioner denied defendants' motion to revoke the waiver of plaintiff's *appellate* fees. That order, however, did not analyze the text, context, and legislative history of ORS 30.645, and it does not serve as an independent basis on which we will reverse the trial court's ruling in this case in the absence of a developed argument by the parties.