Submitted July 30, 2018, affirmed April 15, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARYL LEE LAUNE, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
16CR55816; A163483

464 P3d 459

Defendant appeals a judgment of conviction for violating a court's stalking protective order. Defendant assigns error to the trial court's imposition of $330 in court-appointed attorney fees as part his sentence. Specifically, defendant argues that a court may only order a defendant to pay attorney fees when there is evidence in the record that the defendant is or may be able to pay them and that, here, the court erroneously based its finding of an ability to pay on a security deposit that defendant's sister had paid. According to defendant, an amendment to ORS 135.265(2), which governs the return of security deposits, eliminated the previously recognized presumption that a third-party security deposit belongs to the defendant for purposes of an ability-to-pay determination. Therefore, defendant contends that the record was insufficient to support the trial court's finding that he had an ability to pay. *Held*: Defendant failed to preserve his arguments that would have put the meaning of ORS 135.265(2) or the adequacy of the record at issue; therefore, the Court of Appeals declined to address defendant's arguments on appeal.

Affirmed.

Sheryl Bachart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and DeVore, Judge, and Aoyagi, Judge.

DeHOOG, P. J.

Affirmed.

**DeHOOG, P. J.**

Defendant appeals from a judgment of conviction for violating a stalking protective order. As part of defendant's sentence, the trial court ordered that defendant pay $330 in court-appointed attorney fees. On appeal, defendant argues that the court erred in imposing that obligation, because a court may order a defendant to pay attorney fees only when there is evidence in the record that the defendant is or may be able to pay them, and here the court erroneously relied on a security deposit paid by defendant's sister to find that he had that ability. According to defendant, under ORS 135.265(2), which governs the return of security deposits, a deposit made by a third party on a defendant's behalf is not considered the defendant's property for purposes of an ability-to-pay determination and therefore cannot serve as the basis for such a finding in regard to attorney fees. As we explain below, however, that argument is not preserved. Accordingly, we decline to address it on appeal, and we affirm.

The relevant facts are procedural and undisputed. Defendant was charged with violating a court's stalking protective order, and the trial court approved defendant's request for court-appointed counsel. Shortly thereafter, defendant's sister paid a $1,500 security deposit and signed a security agreement to secure defendant's release from jail. The agreement stated, in part:

> "SECURITY REFUND:   At the conclusion of the case, the judge will decide if security can be refunded. Security can be applied to the defendant's financial obligations on any case, or to any child support the defendant owes. The Court will deduct from the refund 15% of the amount posted as administrative costs.
>
> "THE PERSON POSTING SECURITY ACKNOWLEDGES NOTICE THAT THE SECURITY AMOUNT MAY BE USED TO PAY THE DEFENDANT'S FINANCIAL OBLI-GATIONS, INCLUDING CHILD SUPPORT, AND MAY BE FORFEITED IF THE DEFENDANT FAILS TO APPEAR FOR ANY SCHEDULED HEARING."

(Uppercase and underscore in original.)

A jury found defendant guilty of the charged offense of violating a court's stalking protective order. At defendant's ensuing sentencing hearing, the trial court ordered defendant to pay, among other fines and fees, a $330 court-appointed attorney fee, to be taken from the $1,500 security deposit that defendant's sister had posted on his behalf.

Defendant correctly points out that a trial court errs when it imposes a court-appointed attorney fee absent a record that the defendant "is or may be able to pay" the fee, and that the burden is on the state to prove that ability to pay. ORS 151.505(3);[1] ORS 161.665(4); *State v. Crider*, 291 Or App 23, 32, 418 P3d 18 (2018). Defendant acknowledges that ORS 135.265(2)[2] authorizes a trial court to retain portions of a security deposit at the conclusion of a criminal case. Defendant contends, however, that, when the legislature amended ORS 135.265(2) in 1979 to make security deposits refundable to the person making the deposit, rather than to the defendant, the legislature expressed its intention that third-party security deposits not be considered "available" for purposes of determining a defendant's ability to pay under ORS 151.505(3).

More specifically, defendant notes that, before ORS 135.265(2) was amended in 1979, a defendant was presumptively entitled to recover—less a processing fee—sums posted as security, as follows:

"When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk of the court *shall return to the accused*, unless the court orders otherwise, 90 percent

---

[1]  ORS 151.505(3) states:

"The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

[2]  The text of ORS 135.265(2) reads, in part:

"When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, the clerk of the court shall return to the person shown by the receipt to have made the deposit, unless the court orders otherwise, 85 percent of the sum which has been deposited and shall retain as security release costs 15 percent, but not less than $5 nor more than $750, of the amount deposited."

of the sum which has been deposited and shall retain as security release costs 10 percent of the amount deposited."

ORS 135.265(2) (1977), *amended by* Or Laws 1979, ch 878, § 1 (emphasis added). Defendant further observes that, in 1979, the legislature amended ORS 135.265(2) and specifically changed the person entitled to recover a security deposit from "the accused" to "the person shown by the receipt to have made the deposit." ORS 135.265(2); Or Laws 1979, ch 878, § 1. Defendant contends that, because of that amendment, ORS 135.265(2) should be interpreted as prohibiting trial courts from considering third-party security deposits when determining whether a defendant "is or may be able to pay." *See* ORS 151.503(3).

In making that argument, defendant acknowledges that our case law says otherwise. That is, both before and after the 1979 amendment to ORS 135.265(2), Oregon courts have recognized a legal presumption that cash bail posted on behalf of a defendant belongs to the defendant. *Rosentreter v. Clackamas County*, 127 Or 531, 534, 273 P 326 (1928) ("The money deposited by a third person in lieu of bail for one charged with a criminal offense is presumed to belong to the defendant."); *State v. Baker*, 165 Or App 565, 570-71, 998 P2d 700, *rev den*, 330 Or 375 (2000) ("[C]ase law construing ORS 135.265(2) makes clear that the discretion of the court to withhold the return of the security deposit applies whether or not the source of the deposit was a third party."); *State v. Davis*, 116 Or App 607, 610, 843 P2d 460 (1992) ("We are not aware of any requirement that money deposited as security by a third party be treated any differently than if it were deposited by the defendant."); *State v. Grant*, 44 Or App 671, 674, 606 P2d 1166 (1980) ("We hold that because it was lawful for the court to regard the [third-party] deposit as defendant's and available to satisfy defendant's obligations under the judgment, it was within the court's discretion to withhold its return for payment of defendant's obligations under the judgment."). Defendant asks us to reconsider that legal presumption.[3]

---

[3] In our recent decision in *State v. Thomas*, 292 Or App 756, 425 P3d 437, *rev den*, 364 Or 209 (2018), we held that the court had not plainly erred in imposing attorney fees when it relied on funds that the defendant had deposited as security in determining that he had the ability to pay those fees. Notably, our

We begin—and, as it turns out, conclude—by considering whether defendant preserved his argument for appeal.[4] Defendant contends that he preserved that argument during his sentencing hearing, based on the following colloquy:

"[THE COURT:]   Financial obligation in your case is a $1,000 fine. Ordering that you reimburse the state for the cost of court-appointed counsel. I think there's a judgment, let me look, that was previously entered. So it's $330 in attorney fees and there's a $100 bench probation assessment. That will all be taken from the security that was posted in this case, less costs.

"* * * * *

"[DEFENSE COUNSEL:]   I would object to the imposition of the $330 for court-appointed attorney costs, *in the absence of a finding* that [defendant] has the ability to pay.

"THE COURT:   I don't think I have to state it when they've posted $1,500 in security. But I will find he has the ability to pay it because the funds are already available.

"[DEFENSE COUNSEL:]   Just wasn't sure if that was his money that was posted.

"THE DEFENDANT:   No, it's not. My sister paid—

"THE COURT:   It's money that's available and that people post on his behalf that I can use for attorney fees.

---

decision in *Thomas* relied, in part, on *State v. Wise*, 40 Or App 303, 594 P2d 1313 (1979), in which we held that, in denying a request to return a security deposit to the third party who had posted it, the trial court had implicitly found that those funds were available to the defendant for purposes of paying costs. *Thomas*, 292 Or App at 761-62. However, citing an intervening case, *State v. Nichols*, 68 Or App 922, 923, 683 P2d 565 (1984), in which the defendant's son had posted his security, we also acknowledged that a "defendant is not necessarily able to pay attorney fees simply because he, or a friend or relative on his behalf, has posted a security deposit." *Thomas*, 292 Or App at 761 n 1 (emphasis added; internal quotation marks omitted).

[4] We acknowledge that, under *Stull v. Hoke,* 326 Or 72, 77, 948 P2d 722 (1997), "[i]n construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." However, that responsibility arises "only when the parties have put the issue of statutory interpretation before us by disagreeing as to what a statute means; in such situations, we are not limited to choosing the better of two erroneous interpretations." *State v. Shepherd*, 236 Or App 157, 163, 236 P3d 738 (2010). In other words, the parties are still responsible for preserving arguments in a way that places the correct statutory interpretation at issue.

And if that resource is available to him, then they are resources to pay the attorney fees.

"THE DEFENDANT:   I can, uh—

"THE COURT:   He should pay his sister back.

"THE DEFENDANT:   I could pay her back.

"THE COURT:   Yeah. Then he has the ability to pay.

"[DEFENSE COUNSEL:]   Thank you, Judge.

"* * * * *

"THE DEFENDANT:   She'll understand and I can pay her back."

(Emphasis added.)

For its part, the state does not dispute defendant's contention that he adequately preserved his claim of error. Rather, the state responds on the merits and argues that it was not error for the trial court to rely on defendant's security deposit in determining that he had the ability to pay attorney fees. Specifically, the state points out that the plain language of ORS 135.265(2) contemplates that trial courts will withhold security deposits for appropriate purposes— which, the state contends, includes the payment of a defendant's financial obligations—as follows:

"[T]he clerk of the court shall return to the person shown by the receipt to have made the deposit, *unless the court orders otherwise*, 85 percent of the sum which has been deposited and shall retain as security release costs 15 percent, but not less than $5 nor more than $750, of the amount deposited."

ORS 135.265(2) (emphasis added). And, in the event that we do not read the plain language of the statute as the state does, the state also provides legislative history to support its proposition that courts have the authority to withhold security deposits as the trial court did in this case.[5]

---

[5] In an alternative argument, the state contends that the record contained additional evidence to support a finding that defendant had the ability to pay the attorney fees, even if the court had not considered the security deposit. In light of our disposition, we need not consider that issue.

This case however, does not provide us an opportunity to consider the parties' statutory arguments, because defendant did not preserve his statutory argument for appeal. Though the state concedes defendant's preservation argument, that concession is not binding on this court. *State v. Wyatt*, 331 Or 335, 346, 15 P3d 22 (2000) ("[N]either the state's failure to raise preservation as an issue in the Court of Appeals, nor the state's erroneous concession that the sanction issue had been preserved at trial, conferred authority on that court to consider defendant's unpreserved claim of error."). We are obligated to make our own preservation inquiry in order to conclude whether "the policies underlying the [preservation] rule have been sufficiently served." *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009).

The primary purposes of the preservation rule are to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). In our view, those underlying policies were not served by the colloquy between defendant and the court excerpted above, nor by anything else in the record.

Defendant's argument on appeal is materially different from the argument he made to the trial court. At sentencing, defendant objected to the imposition of attorney's fees "in the absence of a finding that [defendant] has the ability to pay." In other words, defendant properly alerted the trial court to the need for a finding as to defendant's ability to pay, which prompted the court to make the necessary finding. On appeal, however, defendant argues that, under ORS 135.265(2), third-party security deposits cannot be considered a resource that is "available" to a defendant and, therefore, the record contains no evidentiary basis to support the trial court's finding that defendant "is or may be able to pay" the fees. That is, his argument on appeal is no longer that the court was required to make a finding but, rather, in light of his interpretation of ORS 135.265(2), that the court relied on an incorrect source of funds in making that finding. Defendant neither raised the application of ORS 135.265(2) with the trial court, nor argued that the

record lacked evidentiary support for the court's finding that he had the ability to pay. Stated differently, defendant's objection to the imposition of attorney fees "in the absence of a finding that [defendant] has the ability to pay" did not give the state or the trial court sufficient notice of his statutory argument to give either a fair opportunity to respond. *See State v. Zaldana-Mendoza*, 299 Or App 590, 600-01, 450 P3d 983 (2019) (considered "in the context of defendant's written motion and the overall argument at [the] hearing, defendant adequately preserved his argument" because he "gave the state and the trial court enough information to be able to understand the contention and to fairly respond to it" (internal quotation marks omitted)).

Defendant objected to the imposition of attorney fees without a finding of ability to pay, and the trial court made the requested finding. Nothing about defendant's subsequent statement, that he "just wasn't sure if that was [defendant's] money that was posted," would have alerted the court (or the state) that defendant sought to put the meaning of the statute or the adequacy of the record at issue. As a result, he has not adequately preserved the argument he makes on appeal. *See State v. Shepherd*, 236 Or App 157, 163, 236 P3d 738 (2010) (concluding that "[d]efendant loses, not because a correct interpretation of ORS 137.101(1) compels that outcome, but because she has not adequately preserved the argument that would have put the meaning of the statute at issue"). Accordingly, we affirm.

Affirmed.