Submitted on remand from the Oregon Supreme Court September 30, affirmed
December 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARYL LEE LAUNE, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
16CR55816; A163483

502 P3d 261

This case is on remand from the Supreme Court. Defendant appeals from a judgment of conviction for violating a court's stalking protective order. On appeal, defendant challenged the trial court's imposition of $330 in court-appointed attorney fees as part of his sentence. The Court of Appeals declined to address defendants' argument on appeal because defendant failed to preserve his argument in the trial court. The Supreme Court vacated and remanded for reconsideration in light of *State v. Morales*, 367 Or 222, 476 P3d 954 (2020). *Held*: The trial court plainly erred in imposing the attorney fees in light of the Supreme Court's decision in Morales; however, because the general policies of preservation outweighed any existing factors in favor of correcting the error, this was not an appropriate occasion on which to exercise the court's discretion to correct the error.

Affirmed.

On remand from the Oregon Supreme Court, *State v. Laune, Jr.*, 368 Or 513, 493 P3d 504 (2021)

Sheryl Bachart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed.

**DeHOOG, J.**

This case is before us on remand for reconsideration in light of *State v. Morales*, 367 Or 222, 476 P3d 954 (2020), in which the Supreme Court abrogated, in part, our case law governing the determination that a criminal defendant has the ability to pay court-appointed attorney fees. In our prior decision, *State v. Laune*, 303 Or App 541, 464 P3d 459 (2020) (*Laune I*), we did not reach the merits of defendant's argument that the trial court had erred in considering funds that his sister had posted as security on his behalf, because we concluded that defendant had not preserved the alleged error and had not established that the trial court had plainly erred. On remand, we now conclude that the trial court plainly erred in assessing $330 in attorney fees. However, for the reasons that follow, we decline to exercise our discretion to correct that error. Accordingly, we again affirm.

The relevant facts are procedural and set forth in some detail in our earlier opinion. *Id.* at 542-43, 545-47. In brief, following defendant's arrest for violating a stalking protective order, his sister obtained his release by posting $1,500 in security. *Id.* at 543. At the conclusion of defendant's case, the trial court acknowledged the need to determine defendant's ability to pay before imposing an obligation to pay court-appointed attorney fees. *Id.* at 545; *see* ORS 161.665 (authorizing imposition of attorney fees); ORS 151.505 (requiring ability to pay). In concluding that defendant had the ability to pay, the court explicitly relied on the $1,500 that his sister had deposited as funds available to defendant. *Laune I*, 303 Or App at 545. However, the record did not reflect that the deposited funds belonged to defendant or that the sister's deposit had carried with it a donative intent. Rather, defendant expressed his own intention to pay his sister back for the money that she had posted. *Id.* at 546.

In light of the Supreme Court's decision in *Morales*, there is no question that the trial court plainly erred in presuming that the $1,500 posted by defendant's sister was his for purposes of the ability-to-pay determination. As we recently observed in *State v. Scott*, 311 Or App 175, 180, 488

P3d 803, *rev den*, 268 Or 561 (2021), the Supreme Court explained in *Morales* that "the longstanding presumption that any funds deposited as bail or security by a third party *** belong[ed] to the defendant was wrong because it did not give full effect to a 1979 amendment enacted by the legislature." After *Morales*, we noted in *Scott*, security funds or bail deposited by a nonspouse third party cannot be considered when determining a defendant's ability to pay attorney fees without an indication in the record that the funds were actually the defendant's own money or were deposited with donative intent. *Id*.

As in *Scott*, the trial court's consideration of the security funds in the absence of evidence that those funds either belonged to defendant or had been deposited by his sister with donative intent qualifies as plain error. *Id*. (the question of whether the trial court erred is determined "based on the law as it existed at the time of the appellate decision, not at the time of the disputed ruling[.]"); *Id*. at 179-80. (For unpreserved error to qualify for "plain error" review, record must demonstrate that "(1) the error is one of law; (2) the legal point is obvious, meaning it is not reasonably in dispute; and (3) to 'reach the error, we need not go outside of the record or choose between competing inferences to find it.'"). The record in this case is not materially different from that in *Scott*; we therefore reach the same conclusion in holding that the trial court plainly erred here.

What remains to be decided, then, is whether, in the exercise of our discretion, we should correct that error. *See id*. at 180 (setting out that sequence). We weigh various prudential factors when considering whether to correct a plain error, including, among other factors:

> "The competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In considering the policies behind the general rule of preservation, we look to whether the trial court

was "presented with both sides of the issue and given an opportunity to correct any errors." *Id*. Among other important considerations, "preservation fosters [the] full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). We exercise our discretion with the "'utmost caution' [due to] the strong policy reasons favoring preservation." *Id*.

We recognize that, as in *Scott*, there may have been relatively little benefit to defendant objecting to the trial court's consideration of the security deposit, because our pre-*Morales* case law endorsed that approach. *See Scott*, 311 Or App at 181-82 (noting that, "even if defendant had objected, the trial court likely would have concluded under then-existing law that the funds belonged to him"). What sets this case apart from *Scott* for us, however, is that, unlike the defendant in *Scott*, here, defendant has never asked us to address the trial court's ruling as plain error, much less articulated why we should do so.[1] *See id.* at 179 (noting request for plain error review). And although the state also does not address the factors governing plain error review, our assessment of the *Ailes* factors persuades us that the general policies of preservation outweigh any existing factors in favor of correcting the error. We therefore decline to exercise our discretion to correct the trial court's error.

In reaching that conclusion, we note that, on appeal, defendant contended that his argument was preserved through his attorney's objection to the imposition of attorney fees without a specific finding of his ability to pay, after which the trial court proceeded to make that finding based solely on the funds posted as security. But even assuming, as we did in *Scott*, that the trial court would have rejected the argument that defendant advances on appeal, had he at least raised the issue, the record may well have developed differently in a manner helpful to our review. That is, unlike

---

[1] "[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (internal quotation marks omitted).

in *Scott*, here there is no indication that the trial court had concluded that defendant would be unable to pay attorney fees before relying on the funds posted as security to find that ability. *See Scott*, 311 Or App at 179 (noting trial court's belief to that effect before being reminded of the funds posted as security).

Moreover, that conclusion was far from inevitable. As the state pointed out in response to defendant's underlying ability-to-pay argument, there is evidence in the record arguably supporting a finding of ability to pay even without considering the security funds, including that (1) defendant had indicated that he would pay his sister back; (2) defendant had previously held a job before being arrested and; (3) defendant had plans to rent out his home in the future. Had defendant raised the issue that he later advanced on appeal, the state might have further developed that evidence, or the court might have considered it an independent basis for its ability-to-pay finding.

Finally, again unlike *Scott*, the record in this case does not suggest that the erroneous imposition of attorney fees was particularly grave, because there was at least evidence that defendant had previously been employed. *See id.* at 181 ("[W]e find the erroneous imposition of attorney fees to be sufficiently grave. In this case, defendant's sole source of income was social security disability, and the record does not establish any history of employment to conclude that he would be able to work.").

In sum, although we conclude that the trial court plainly erred when it relied on security funds posted by defendant's sister in determining defendant's ability to pay, we further conclude that it would not be an appropriate exercise of our discretion to correct that error. Accordingly, we again affirm.

Affirmed.