No. 133          February 22, 2024          175

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JEREMIAH FOREMAN,
*Petitioner-Appellant,*

*v.*

JAMIE MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV30732; A177917

J. Burdette Pratt, Judge.

Submitted January 30, 2024.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that his criminal defense attorney provided constitutionally inadequate representation, causing him prejudice, because his defense lawyer failed to object to the trial court's sentencing of petitioner on the ground that the court applied an incorrect legal standard and that the court had discretion to impose a shorter sentence. We review the post-conviction court's judgment for legal error and accept the court's implicit and explicit factual findings if there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under those standards, we affirm.

In the underlying criminal case, petitioner was charged with first-degree sodomy and first-degree sexual abuse committed against a five-year-old victim. He waived his right to a jury trial and proceeded to a bench trial. At the bench trial, the trial court found petitioner guilty on both charges, and the parties agreed to proceed to sentencing. The state recommended that the court sentence petitioner to the statutory mandatory minimum of 300 months, and petitioner's defense counsel objected to the application of the statutory minimum sentence on the ground that the sentence was disproportionate, in violation of the state and federal constitutions. During the sentencing proceeding, the trial court made comments that form the basis of petitioner's appeal:

> "[F]or the most part, I don't agree with Measure 11. I don't know that I would give you a 300-month sentence. I would give you a lengthy one, but I don't think I have any choice in the matter."

The trial court then sentenced petitioner to the 300-month term provided by Measure 11. *See* ORS 137.700 (2)(b)(E) (prescribing the 300-month mandatory minimum sentence for a person found guilty of first-degree sodomy); ORS 136.405(1)(b) (defining first-degree sodomy to include situations where a victim is under 12-years old). Petitioner properly appealed and argued that the sentence was constitutionally disproportionate. We affirmed petitioner's prison sentence without opinion, and the Supreme Court denied

review. *State v. Foreman*, 284 Or App 314, 391 P3d 1008, *rev den*, 361 Or 803 (2017).

Petitioner then initiated the current post-conviction proceeding. He argues that his trial counsel was constitutionally ineffective for failing to argue that the sentencing court applied an incorrect legal standard when it sentenced petitioner to 300 months and that the trial court had discretion to impose a shorter sentence. The post-conviction court denied relief.

Petitioner asserts parallel claims of ineffective assistance under the state and federal constitutions. The standards for post-conviction relief under both constitutions are "functionally equivalent." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). That is, a petitioner must show that defense counsel performed deficiently by failing to exercise reasonable professional skill and judgment, and that petitioner was prejudiced as a result. *Id*.

Here, the post-conviction court did not err in concluding that petitioner failed to prove that his defense counsel performed deficiently. As the Supreme Court has stated, "Measure 11 *requires* the trial court to set the defendant's sentence at the Measure 11 mandatory minimum." *State v. Ferman-Velasco*, 333 Or 422, 427-28, 41 P3d 404 (2002) (citing ORS 137.700(1) (emphasis added)). The trial court has limited discretion to deviate from the mandatory minimum only when the record shows that the penalty "is so disproportionate, when compared to the offense, so as to 'shock the moral sense' of reasonable people." *See State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (setting out three guideposts relevant to the proportionality analysis). As the post-conviction court noted in this case, "no such basis existed." After our review of the record, we agree that petitioner did not present any evidence in connection with his criminal sentencing that would warrant the trial court's exercise of its discretion to reduce petitioner's sentence. And so, petitioner's defense counsel did not fail to exercise reasonable professional skill and judgment by failing to object to the trial court's understanding of Measure 11's prescribed sentence for petitioner's conduct because any objection would

have been futile. *See Krummacher v. Gierloff*, 290 Or 867, 884, 627 P2d 458 (1981) ("[T]he constitution does not require counsel to make useless and futile gestures for the sake of form.").

Although petitioner alleges that the fact that the trial court suggested it might have imposed a shorter sentence absent Measure 11 reflects a misunderstanding of sentencing law, that assertion that does not square with the record. When the court's statements are viewed on the context of the record, it is clear that the court was simply stating that it was bound by statute to sentence petitioner to the sentence that it did, absent a demonstration by petitioner that the sentence was unconstitutionally disproportionate or that one of the statutory exceptions applied; the statement, in context, reflects an accurate understanding of the law.

Finally, to the extent petitioner asserts on appeal that trial counsel was ineffective for not adequately preserving for appeal a constitutional proportionality challenge to the 300-month sentence, that argument fails because counsel did challenge the sentence on the ground that it was unconstitutionally disproportionate, thereby preserving the proportionality issue for appeal. Accordingly, the post-conviction court did not err in concluding that petitioner did not show that his criminal defense counsel failed to exercise reasonable professional skill and judgment, and we affirm its judgment.

Affirmed.