No. 140          February 28, 2024          217

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABRIEL PAUL DEANDA, JR.,
aka Gabriel Deanda, aka Gabriel Paul Deanda,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR70280; A176438

Sheryl Bachart, Judge.

Submitted June 5, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Portion of supplemental judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of first-degree rape, ORS 163.375, and one count of first-degree sexual abuse, ORS 163.427,[1] and a supplemental judgment imposing a fine of $5,000 and ordering defendant to pay $3,651 in court-appointed attorney fees.[2] In his first assignment of error, defendant argues that the trial court erred when it denied his motion to present evidence regarding the victim's past sexual behavior pursuant to OEC 412(2)(b)(C). In his second and third assignments of error, he argues that the trial court erred when it imposed a fine and court-appointed attorney fees. We affirm the convictions and the portion of the supplemental judgment imposing the fine but reverse the portion of the supplemental judgment imposing the court-appointed attorney fees.

*Evidentiary ruling under OEC 412(2)(b)(C).* When we review a trial court's evidentiary ruling, we do so in light of the record before the court at the time of that ruling. *State v. Banks*, 318 Or App 381, 382, 507 P3d 787 (2022) (citing *State v. Eatinger*, 298 Or App 630, 632, 448 P3d 636 (2019)). We recount only the facts necessary to understand the trial court's ruling. Defendant was accused of the rape and sexual abuse of his father's girlfriend's daughter, K, who was 14 years old at the time of the charged conduct. Defendant had been living in the same home with K. At the time of the evidentiary ruling, the parties acknowledged that K had reported that defendant had entered her bedroom and engaged in forcible sexual touching and vaginal penetration. K's friend and toddler-aged sister were both asleep in the room at the time, and K's mother was in the home in another bedroom, but K did not loudly cry out during the assault to get their attention.

Defendant maintained that the incident did not occur.[3] In a pretrial motion, defendant sought to introduce evidence that K had reported a previous sexual attack, in

---

[1] A jury found defendant guilty of two counts of first-degree sexual abuse, which the trial court merged into a single conviction. Defendant was acquitted of one count of strangulation.

[2] At sentencing the court stated on the record that it was imposing $4,705 in attorney fees. The supplemental judgment imposed only $3,651 in attorney fees.

[3] Defendant did not argue that the contact was consensual or a mistake; he denied it happened at all.

which an older man had dragged her into his vehicle and touched her sexually, but she screamed and fought him off and escaped. That incident was alleged to have happened a few years prior to the charged conduct, when K was around 12 years old. Defendant sought to introduce evidence of that incident in order to show how K reacted to a sexual attack previously, arguing that it undermined her allegations regarding the charged actions given that she did not cry out when her sister, friend, and mother were all nearby. Defendant argued that evidence of the previous incident was relevant to his defense that the assault did not occur. The trial court ruled that evidence of K's previous assault was not admissible under OEC 412, as it did not fall under any of the exceptions and the previous incident occurred under different circumstances than the charged incident.

On appeal, defendant argues that the trial court erred, because evidence of K's previous assault was constitutionally required, and therefore should have been admitted under OEC 412(2)(b)(C).[4] Defendant asserts that evidence about K's resistance and response to her prior sexual assault was necessary for defendant to exercise his right to confront the witnesses against him and his right to a meaningful opportunity to present a complete defense.[5]

---

[4] OEC 412 states, in part:

"(2) Notwithstanding any other provision of law, in a prosecution for [a completed or attempted sex crime], evidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"* * * * *

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"(B) Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C) Is otherwise constitutionally required to be admitted."

[5] Defendant's constitutional arguments invoke the Confrontation and Compulsory Process clauses of the Oregon and United States constitutions, as well as the federal Due Process clause. Or Const, Art 1, § 11 ("In all criminal prosecutions, the accused shall have the right *** to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor[.]"); US Const, Amend VI ("In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor[.]"); US Const, Amend XIV, § 1 ("No State shall *** deprive any person of life, liberty, or property, without due process of law[.]").

In determining the admissibility of evidence under OEC 412, the trial court conducts a three-step inquiry: (1) Does the evidence concern a victim's past sexual behavior? (2) Does the evidence fit within one of the exceptions in OEC 412(2)(b)? (3) Does the probative value outweigh the prejudicial effect? If the answer to all three questions is "yes," then the evidence is admissible. *State v. Fowler*, 225 Or App 187, 192-93, 200 P3d 591, *rev den*, 346 Or 257 (2009). We review determinations on the first two questions for errors of law and the last for an abuse of discretion. *State v. Davis*, 269 Or App 532, 541, 543, 345 P3d 499, *rev den*, 358 Or 69 (2015); *Fowler*, 225 Or App at 193.

The parties agree that the evidence concerns K's "past sexual behavior," as that term has been interpreted for OEC 412 purposes. *See State v. Wright*, 97 Or App 401, 406, 776 P2d 1294, *rev den*, 308 Or 593 (1989) (noting that "past sexual behavior" includes previous sexual molestation of the victim). We thus turn to whether the evidence fits within the "constitutionally required" exception.[6]

> "In determining whether evidence must be admitted because excluding it would infringe on a defendant's constitutional rights to confront witnesses and to present exculpatory evidence, 'the constitutional issue reduces to a weighing of the state's interest in excluding [the] defendant's evidence against the value of that evidence to the defense.'"

*Fowler*, 225 Or App at 193-94 (quoting *State v. Beeler*, 166 Or App 275, 283-84, 999 P2d 497, *rev den*, 331 Or 244 (2000) (brackets in *Fowler*)).

The state's interest in excluding evidence stems from the purpose of OEC 412, which is meant to "protect victims of sexual crimes from degrading and embarrassing disclosure of intimate details about their private lives" and to "encourage victims of sexual misconduct to report and assist in the prosecution of the crime by preventing highly prejudicial evidence from reaching the jury and thus helping to protect jury impartiality." *State v. Lajoie*, 316 Or 63, 69, 849 P2d 479 (1993) (internal quotation marks and alterations

---

[6] Defendant did not offer the evidence under either of the other two exceptions, OEC 412(2)(b)(A) - (B).

omitted). While the evidence at issue in this case is of a different nature than that of a victim's volitional sexual behaviors, it is still related to a traumatic and personal event in K's life. The state's interest in protecting a young victim from such disclosures was precisely the goal of OEC 412.

In comparison, the value of the evidence to the defense was minimal. The prior assault occurred years earlier, with a different person, and under different circumstances. The probative value of K's response to one assault at the age of 12 when she was grabbed off the street has minimal relevance to inferring how she would be expected to respond to an assault years later by an individual who lived in her home. The circumstances are sufficiently dissimilar that the evidence has minimal logical relevance to defendant's theory of his defense, which included the argument that if the assault had occurred as alleged, the other people in the room would have heard something. *See Fowler*, 255 Or App at 196 (noting the minimal relevance of the proffered evidence—details of the teenage victim's sexual activity with peers—to the defendant's theory of the case that the victim had fabricated allegations against him in order to eliminate him as an authority figure and an obstacle to her further engagement in such conduct, and concluding that general evidence of those circumstances was sufficient to make the point); *Beeler*, 166 Or App at 285 (noting that there were any number of reasons why the victim would have consented to sexual activity with her boyfriend the day after the alleged rape and that the inference the defendant sought to elicit—that the victim had therefore consented to sexual activity with the defendant—was "too uncertain" and the relevance of the evidence to the defense was "marginal at best.").

Because the value of the evidence to the defense did not outweigh the state's interest in excluding it, the evidence was not constitutionally required, and the trial court did not err in excluding it.

*Imposition of court-appointed attorney fees and criminal fine.* At sentencing, the court imposed a fine and ordered reimbursement for the cost of court-appointed counsel, both of which were to be taken from the security deposit that was

posted by defendant's father. The court made no findings regarding defendant's ability to pay the fees or fine apart from the availability of the security deposit. Defendant did not object to the imposition of the financial obligations at the time of sentencing, and asks for plain error review of both.

An unpreserved error is reviewable as plain error when (1) the error is one of law; (2) the legal point is obvious, meaning it is not reasonably in dispute; and (3) to "reach the error, we need not go outside the record or choose between competing inferences to find it." *State v. Nickerson*, 272 Or App 155, 156, 354 P3d 758 (2015) (internal quotation marks omitted). If, based on those predicates, we conclude that the error is plain, we must then decide whether to exercise our discretion to correct it. *Id.*

Before imposing a financial obligation for court-appointed attorney fees on a criminal defendant, the trial court must determine the defendant's ability to pay. ORS 161.665; ORS 151.505. The state concedes that the trial court plainly erred in imposing attorney fees without determining defendant's ability to pay, and we accept that concession. The Supreme Court's decision in *State v. Morales*, renders the error with respect to the attorney fee plain. 367 Or 222, 231, 476 P3d 954 (2020) (explaining that the longstanding presumption that any funds deposited as bail or security by a third party were presumed to belong to the defendant was wrong). We thus must determine whether to exercise our discretion to correct the error, considering, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the polices behind the general rule requiring preservation of error have been served in the case in another way." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991).

Despite acknowledging that we have frequently exercised our discretion to correct this type of plain error in the past, the state encourages us not to exercise our discretion, comparing this case to *State v. Laune*, 316 Or App 225, 502 P3d 261 (2021). In *Laune*, we determined that the same error was plain, but elected not to exercise our discretion to correct the error based on a number of factors, including

that a conclusion that the defendant would not have been able to pay absent the security funds had not been made and was far from certain, given that the defendant had been employed, had stated his intention to pay his relative back for the security funds, and was planning to rent out his home to generate income. 316 Or App at 228-29. We further noted that the assessed fee of $330 was not particularly grave in light of the defendant's past employment, as opposed to a prior case where the defendant was on fixed government assistance and had no history of employment. *Id.* at 229 (citing *State v. Scott*, 331 Or App 175, 181, 488 P3d 803, *rev den*, 368 Or 561 (2021)). The state here argues that, even though the trial court did not make findings, the record reflected that defendant had previously been employed, had money to rent a room, and had a car. Therefore, the state argues, had defendant objected to the imposition of the fees, the state could have presented evidence of his ability to pay and the record could have developed differently.

We conclude that this case is distinct from *Laune* and elect to exercise our discretion to correct the plain error. Notably, in *Laune*, the defendant had not requested plain error review and had not articulated a basis for doing so. *Id.* at 228. Defendant here has requested plain error review and set forth his arguments for why we should exercise discretion under the *Ailes* factors. Furthermore, we note that we have frequently exercised our discretion to correct this kind of plain error in the past. *See Scott*, 311 Or App 175 (exercising discretion to correct imposition of $604 fee in light of the fact that the trial court had effectively held that the defendant had no ability to pay absent the security funds given his limited earning power due to his disability, criminal record, and lack of work history; and considering the amount of the fee imposed and our exercise of discretion in past similar cases); *State v. Smith*, 274 Or App 562, 569-70, 363 P3d 514 (2015), *rev den*, 358 Or 551 (2016) (noting error in imposing $470 in attorney fees was "grave" in light of the defendant's apparent inability to work and five-year prison sentence preventing him from earning any substantial income); *State v. Hunt*, 271 Or App 347, 353, 350 P3d 521 (2015) (noting defendant's 14-month sentence prevented him from continuing to work and that the record contained no evidence that he had

another source of income or the capacity to pay the $510 fee); *State v. Ramirez-Hernandez*, 264 Or App 346, 348-49, 332 P3d 338 (2014) (exercising discretion to correct error in assessing $400 fee, noting that although it may not be a substantial amount to pay for some defendants, it was for that defendant considering his status as homeless, mentally ill, and on an indefinite immigration hold that was likely to result in deportation); *State v. Coverstone*, 260 Or App 714, 716-17, 320 P3d 670 (2014) (noting that $8,000 was a substantial sum, the record contained no evidence of any financial resources available to the defendant, and the defendant was sentenced to a lengthy prison term); *cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491, *rev den*, 355 Or 751 (2014) (declining to exercise discretion based on the small amount of the fee ($510), the defendant's probationary sentence, which did not prevent him from working, and the fact that he agreed to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time).

Although the record contains some evidence of defendant having a job prior to his arrest, he was given a lengthy prison sentence that will prevent him from earning any substantial amount for many years. Furthermore, the amount of fees imposed was significantly higher than in many of the cases where we have deemed the error "grave."

We reach a different conclusion as to defendant's request that we review imposition of the $5,000 fine as plainly wrong. As we have held a number of times, we conclude that the trial court's imposition of a compensatory fine under ORS 161.645 is not susceptible to plain-error review. *Smith*, 274 Or App at 568; *State v. Wheeler*, 268 Or App 729, 732, 344 P3d 57 (2015). As in those cases, the record here contains no evidence that defendant has the financial resources to enable him to pay the fine; however, it is not obvious that the court failed to consider defendant's ability to pay. As a result, the legal error, if any, is not apparent on the record. Thus, the trial court did not plainly err in imposing the fine.

Portion of supplemental judgment imposing court-appointed attorney fees reversed; otherwise affirmed.